UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SUSAN REBECCA CAMMACK | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-17-CV-908-XR |
| | § | |
| WELLS FARGO BANK; CHASE BANK; | § | |
| BANK OF AMERICA; BANK OF NEW | § | |
| YORK MELLON, | § | |
| | § | |
| *Defendants*, | § | |

## ORDER

On this date, the Court considered Plaintiff's Application for Writ of Prohibition. Docket no. 2. After careful consideration, the Court DENIES Plaintiff's Application.

## BACKGROUND

Plaintiff owns a home in Hunt, Texas, at 2165 Highway 39. It was sold via foreclosure sale on or before September 6, 2017, to the Bank of New York Mellon ("BNYM"). BNYM filed an eviction proceeding (forcible detainer) in Justice Court of Precinct 4 Place 1 of Kerr County, Texas, and a hearing was set for October 5, 2017.

Plaintiff filed her Suit for Quiet Title, Trespass to Title, and Declaratory Judgment in state district court on August 16, 2017. Plaintiff seeks declaratory relief, including a declaration that she is the lawful owner and holder of title to the Property against all other persons.

Defendants BNYM and Bank of America ("BOA") removed this case from the 198th Judicial District Court of Kerr County on September 15, 2017. Docket no. 1. Defendants state that no other named defendants have appeared in the state court action. *Id.* at 2. Defendants BNYM and BOA removed on the basis of diversity jurisdiction, asserting that the amount in

1

controversy should be determined by the market value of the house, which is over $75,000. *Id.* at 5.

On September 22, 2017, Plaintiff filed an Application for Writ of Prohibition. Docket no. 2. Plaintiff asks the Court to take judicial notice of the eviction notice and argues the Justice Court lacks jurisdiction because Plaintiff's state action has now been removed to federal court. *Id.* at 2. Plaintiff requests the Court to issue a writ of prohibition to the Justice Court to cease and desist from any and all actions in the pending litigation over the relevant property. *Id.* at 3.

## ANALYSIS

In Texas, eviction actions, including forcible detainer actions, are within the exclusive jurisdiction of the Justice of the Peace courts. TEX. PROP. CODE § 24.004(a). An action for forcible detainer is the judicial procedure for determining the right to immediate possession of real property. *Kennedy v. Highland Hills Apartments*, 905 S.W.2d 325, 326 (Tex. App.—Dallas 1995, no writ). It exists to provide a speedy, simple, and inexpensive means for settling the right to possession of premises. *Id.* Forcible detainer actions developed in the context of landlord-tenant disputes, and Texas courts of appeals have held that forcible detainer actions depend on the existence of a landlord-tenant relationship. *It's the Berrys v. Edom Corner*, 271 S.W.3d 765, 769 (Tex. App.—Amarillo 2008, no pet.) (citing *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)).

The sole issue to be decided in a forcible detainer action is the right to possession of the property. TEX. R. CIV. P. 746 ("In case of forcible entry or of forcible detainer under Sections 24.001-24.008, Texas Property Code, the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated."); *Bittinger v. Wells Fargo*, 2011 WL 4793828 (Tex. App.—Houston [14th Dist.] Oct. 11, 2011, n.p.h.). When the issue of the right to

immediate possession requires resolution of a title dispute, then the justice court lacks jurisdiction to render a judgment for possession. *Id.* However, this occurs only when the questions of title and possession are so intertwined that the issue of possession may not be adjudicated without first determining title. *Id.* Appeals from forcible detainer actions are made to county court, and perfection of such an appeal for trial *de novo* vacates and annuls the judgment of the justice court. TEX. R. CIV. P. 749.

Before appearing at the October 5 hearing ordered by the Justice Court, Plaintiff filed an original petition to try title (this lawsuit) in the 198th Judicial District Court of Kerr County. Plaintiff now files an Application for Writ of Prohibition, asking the Court to order the Justice Court to cease and desist in all actions in the pending litigation, including the scheduled October 5 hearing.

The Fifth Circuit has long recognized that writs of prohibition are granted sparingly. *Miller v. Connally*, 354 F.2d 206, 208 (5th Cir. 1965); *In re Estelle*, 516 F.2d 480, 483 (5th Cir. 1975). Such a writ is "reserved for extraordinary causes and [is] issued only when the right to relief is clear and indisputable." *Hicks v. United States*, 396 F. App'x 164, 165 (5th Cir. 2010). A writ of prohibition is supervisory in nature and is used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943).

Under some circumstances, a federal court may review a state court record to determine if a judgment is void. See *United States v. Shepherd*, 23 F.3d 923, 925 (5th Cir. 1994). A Texas judgment is only void if "the rendering court (1) lacked jurisdiction over the party or his property; (2) lacked jurisdiction over the subject matter of the suit; (3) lacked jurisdiction to enter the particular judgment rendered; or (4) lacked the capacity to act as a court." *Id.* at 925

n.5. However, there is no judgment to review here because the Justice Court has not even conducted its eviction hearing.

Plaintiff alleges that the Justice Court lacks jurisdiction because of the pending action now before this Court. Plaintiff, however, offers no specific argument as to why the Justice Court lacks jurisdiction. Plaintiff only argues that justice "will best be serve [sic] by having this Court to hear and decide the merits of the claims in federal court without the interference" of the Justice Court. Docket no. 2 at 3.

Even if Plaintiff intends to assert the Justice Court lacks jurisdiction because of its dispute over title of the property, the Court finds it inappropriate to issue a writ of prohibition. Courts have consistently held that it is appropriate for a Justice Court to determine the right of immediate possession without resolving the question of title. Although the "validity" of title may be questioned through allegations of wrongful foreclosure, title passed through the non-judicial foreclosure, thus establishing a landlord-tenant relationship and giving the bank the right to immediate possession, even though success by a party in a wrongful foreclosure suit could ultimately result in a different outcome regarding possession if the sale was ultimately rescinded. *See Ramey v. Bank of New York*, 2010 WL 2853887 (Tex. App.—Houston [14th Dist.] July 22, 2010, no pet.) (noting that the "deed establishes a landlord-tenant relationship after a foreclosure sale" and "[t]he relationship therefore existed when the forcible detainer action was heard and the county court at law could determine possession without quieting title"); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555 (Tex. App.—San Antonio 2001, dism'd w.o.j.) (holding that wrongful foreclosure claims did not mean that issues of title and possession were necessarily intertwined because where deed of trust creates a tenancy, this provides a basis for determining the right to immediate possession without resolving ultimate title); *see also McGillivray v.*

*Countrywide Home Loans*, 360 F. App'x 533 (5th Cir. 2010) (noting that, in a forcible detainer action, a plaintiff is not required to prove title but only to show sufficient evidence of ownership to demonstrate a superior right to immediate possession and that the substitute trustee's deed provides sufficient evidence of ownership and a basis for determining the right to immediate possession).

As stated above, the October 5 hearing in the eviction proceeding in the Justice Court has yet to take place. Plaintiff has not shown that the Justice Court lacks jurisdiction to proceed with the eviction hearing, nor has she convinced the Court that it should issue a writ of prohibition, which is to be granted sparingly and for extraordinary causes. This finding is further supported by the fact that Plaintiff has an adequate remedy under Texas law to appeal any Justice Court forcible detainer judgment to the County Court of the county in which the judgment is rendered.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Application for Writ of Prohibition. Docket no. 2.

It is so ORDERED.

SIGNED this 2nd day of October, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE